**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CARL HEAD,**

               **Plaintiff,**

**-vs-**                                    **Case No. 6:12-cv-710-Orl-28TBS**

**TOWN OF WINDERMERE, FLORIDA,**

               **Defendant.**
_____

## ORDER

Plaintiff, Carl Head, brings the instant action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendant, the Town of Windermere, Florida, violated his First Amendment right to freedom of association when it constructively terminated his employment. Defendant has moved to dismiss the Complaint for failure to state a claim for which relief can be granted. (Doc. 4). As set forth below, the motion is granted but Plaintiff will be afforded an opportunity to amend.

### I. Legal Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

## II.  The Allegations of the Complaint

Plaintiff alleges that from September 2007 until April 2010, he was employed by Defendant as a police officer/detective.  (Compl., Doc. 2, ¶ 9).  During that time, the police chief was Daniel Saylor, and Plaintiff allegedly "was known to [Saylor] and to [Saylor's] top-level managers as a person who was associated with various members of the local press due to his prior working and social relationships with members of the press."  (Id. ¶ 12). Plaintiff alleges that his "association with members of the local press was outside of his scope of duties . . . and constituted an individual, legally protected association under the First Amendment to the United States Constitution."  (Id.).

Plaintiff alleges that "[u]nder [Saylor's] command, it was the policy and practice of [the police department] to not associate with members of the press."  (Id. ¶ 13).  Pursuant to this policy, Saylor and his top-level managers "threatened Plaintiff on various occasions that if he communicated with the press, then [Saylor] would fire Plaintiff from his employment and ruin his law enforcement career."  (Id. ¶ 14).  After a member of the press made a public records request for police records regarding a sexual abuse case, Saylor "targeted Plaintiff due to Plaintiff's association with that member of the local press."  (Id. ¶ 15).

Saylor allegedly decided on Defendant's behalf to terminate Plaintiff's employment based on Plaintiff's association with members of the press, including the member who made the public records request.  (Id. ¶ 16).  Defendant allegedly "made allegations against

-2-

Plaintiff regarding Plaintiff's use of an administrative procedure which is customarily utilized by other police officers without incident," and Plaintiff alleges that these allegations were used "as a mere pretext for violation of Plaintiff's First Amendment right to Freedom of Association." (Id. ¶ 17). This led to Plaintiff's constructive termination from employment in April 2010. (Id.). Plaintiff alleges that he has been unable to obtain re-employment as a law enforcement officer, (id. ¶ 18), and he seeks damages and reinstatement to his employment as a police officer.

### III. Discussion

#### A. Municipal Liability

Defendant first argues in its motion to dismiss that Plaintiff has failed to sufficiently plead municipal liability. While Defendant correctly notes that a municipality cannot be held liable under 42 U.S.C. § 1983 on the basis of respondeat superior, Plaintiff has alleged that Saylor—who made the decision to terminate Plaintiff—was the top official in the police department and was a municipal policymaker. (Compl. ¶¶ 11, 13). Additionally, Plaintiff has alleged that there was a municipal policy and practice regarding association with the press. (Id. ¶¶ 13-14). These allegations are sufficient to plead municipal liability, and this portion of Defendant's motion to dismiss is therefore without merit.

#### B. Constitutional Violation

Plaintiff asserts that Defendant violated his First Amendment right to freedom of association when it terminated his employment. The Supreme Court has identified two distinct types of constitutionally protected free association—freedom "to enter into and maintain certain intimate human relationships" and a right "to associate for the purpose of

engaging in those activities protected by the First Amendment—speech, assembly, petition for the redress of grievances, and the exercise of religion." Roberts v. U.S. Jaycees, 468 U.S. 609, 617-18 (1984).  Defendant argues that Plaintiff has failed to state a claim under either of these two theories of free association.

In his Response, Plaintiff explains that he is not attempting to allege an "intimate relationships" type of claim but only an "expressive association" claim.  (Doc. 15 at 2-3). Plaintiff argues that his "association with members of the media is not alleged as a merely social one and the issue raised by the member of the media was a matter of public concern." (Id. at 4).  However, the allegations of the Complaint refer to "working and social relationships" with the media and do not identify facts supporting an expressive association between Plaintiff and the media.  Moreover, Plaintiff does not explain how the fact that the media raised a matter of public concern supports his claim of a violation of his right to freedom of association.

The Complaint does not pass muster under Twombly and Iqbal.  Plaintiff has not sufficiently pleaded a violation of his First Amendment rights.  Nevertheless, the Court cannot conclude that Plaintiff could not possibly state a plausible claim, and Plaintiff has requested an opportunity to amend, (see Doc. 15 at 5).  This opportunity will be granted.

### IV.  Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion to Dismiss (Doc. 4) is **GRANTED without prejudice**.

2. The Complaint (Doc. 2) is **DISMISSED without prejudice**.

3. Plaintiff may file an amended complaint **on or before Friday, November 30, 2012**.

Failure to file an amended complaint by this deadline will result in dismissal of this case with prejudice.

**DONE** and **ORDERED** in Orlando, Florida this 9th day of November, 2012.

                                                                  _____
                                                                  JOHN ANTOON II
                                                                  United States District Judge

Copies furnished to:
Counsel of Record